**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000609
10-JUN-2019
10:19 AM**

NO. CAAP-17-0000609

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD PRICE and JULIA PRICE, Plaintiffs-Counterclaim
Defendants/Appellees, v. TOM COULSON, Defendant-
Counterclaimant/Appellee, and CARL KINGSTON,
as PERSONAL REPRESENTATIVE of the ESTATE OF JULIA COLLINS PRICE
also known as JULIE PRICE and the ESTATE OF JULIA COLLINS PRICE
also known as JULIE PRICE, Defendants-Real Parties in
Interest/Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1273)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff/Counterclaim Defendant/Appellant Carl
Kingston (Kingston), in his capacity as the Personal
Representative of the Estate of Julia Price (Estate), appeals
from the January 4, 2016 Circuit Court of the First Circuit's
(Circuit Court)[1] Amended Final Judgment (Amended Judgment) and
four post-judgment orders:

(1)  the April 18, 2017 "Order Granting [Defendant-
Counterclaimant/Appellee] Thomas W. Coulson's
[(Coulson)] Motion to Amend Judgment, Filed on June 3,
2016";

(2)  the April 18, 2017 "Order Denying Motion for Relief
from Judgment Against Julia Price [(Julia)], Filed on
May 23, 2016" (Order Denying Motion for Relief);

---

[1]      The Honorable Virginia L. Crandall presided.

(3)   the July 31, 2017 "Order Denying [Kingston's] Motion to Alter or Amend and/or for Reconsideration of Order Denying Motion for Relief from Judgment Against [Julia], Filed on May 23, 2016, Filed on April 18, 2017, *Filed Herein on April 24, 2017*" (Order Denying Reconsideration); and

(4)   the July 31, 2017 "Order Denying [Kingston's] Motion to Alter or Amend and/or for Reconsideration of Order Granting [Coulson's] Motion to Amend Judgment, filed on June 3, 2016, Filed on April 18, 2017, *Filed Herein on April 24, 2017*."

On appeal, Kingston contends that the Circuit Court erred by failing to dismiss Julia as a party after it failed to order substitution of her as a party within 120 days following the filing of a suggestion of death as required by the Hawai'i Rules of Civil Procedure (HRCP) Rule 25(a)(1); and that the Circuit Court erred by ordering Kingston and the Estate be added as defendants in a post-judgment Order, thereby denying Kingston and the Estate the right to defend against the claim and violating Kingston and the Estate's right to service in violation of HRCP Rule 4 regarding service of process.

Before proceeding to the merits of Kingston's appeal, we must decide over what we have jurisdiction. It is axiomatic that we are "under an obligation to ensure that [we have] jurisdiction to hear and determine each case and to dismiss an appeal on [our] own motion where [we] conclude[] [we] lack[] jurisdiction." BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 73, 549 P.2d 1147, 1148 (1976). Upon review of the record, we conclude we lack appellate jurisdiction over the Amended Judgment for Kingston's failure to file a notice of appeal within 30 days of entry of the Amended Judgment as required by Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1)[2] where no timely tolling motion to extend the 30-day window was filed under HRAP

---

[2]   HRAP Rule 4(a)(1) provides, "When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."

Rule 4(a)(4)[3]. <u>Bacon v. Karlin</u>, 68 Haw. 648, 651 n.3, 727 P.2d 1127, 1130 n.3 (1986); HRAP Rule 26(b) ("[N]o court is authorized to change the jurisdictional requirements contained in Rule 4").

Neither do we have jurisdiction over the orders identified as (1) and (4), <u>supra</u>. Once a circuit court has entered a judgment, any subsequent "post-judgment order is an appealable final order under [Hawaii Revised Statutes (HRS)] § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." <u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003). As to the former order, as no judgment subsequent to the April 18, 2017 "Order Granting [Coulson's] Motion to Amend Judgment, Filed on June 3, 2016," has been entered, the post-judgment proceeding has not yet concluded, because further action, i.e., the entry of a second amended judgment, has not yet occurred.

Similarly, as to the latter order, although the Circuit Court granted Coulson's motion to amend the Amended Final Judgment, because no second amended final judgment has been filed any appeal from either the entry of a second amended judgment or a motion to reconsider granting the entry of a second amended judgment is premature.

It appears we do have jurisdiction over the Order Denying the Motion for Relief and the Order Denying the Motion

---

[3]     HRAP Rule 4(a)(4) provides,

(A) *Requests for Extensions of Time Before Expiration of the Prescribed Time.* The court or agency appealed from, upon a showing of good cause, may extend the time for filing a notice of appeal upon motion filed within the time prescribed by subsections (a)(1) through (a)(3) of this Rule. However, no such extension shall exceed 30 days past such prescribed time. An extension motion that is filed before the expiration of the prescribed time may be ex parte unless the court or agency otherwise requires.

(B) *Requests for Extensions of Time After Expiration of the Prescribed Time.* The court or agency appealed from, upon a showing of excusable neglect, may extend the time for filing the notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(3) of this Rule. However, no such extension shall exceed 30 days past the prescribed time. Notice of an extension motion filed after the expiration of the prescribed time shall be given to the other parties in accordance with the rules of the court or agency appealed from.

for Reconsideration. The Order Denying the Motion for Relief was filed pursuant to HRCP Rule 60(b)[4] and sought relief from the January 4, 2016 Amended Final Judgment against Julia on the basis that the action should have been dismissed as to Julia under HRCP Rule 25(a)(1). "An order denying a motion for post-judgment relief under HRCP 60(b) is an appealable final order under HRS § 641-1(a)." Ditto, 103 Hawai‘i at 160, 80 P.3d at 981 (citing First Trust Co. of Hilo Ltd. v. Reinhardt, 3 Haw. App. 589, 592, 655 P.2d 891, 893 (1982)); HRS § 641-1(a) (2016) ("Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court[.]"). Pursuant to HRAP Rule 4(a)(3)[5], Kingston extended the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal by timely filing his April 24, 2017 post-judgment HRCP Rule 59 Motion for Reconsideration within ten days after entry of the April 18, 2017 Order Denying the Motion for Relief.[6] Kingston then timely filed a notice of appeal from the Order Denying the Motion for

---

[4]     HRCP Rule 60(b) provides, in relevant part,

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[5]     HRAP Rule 4(a)(3) provides, in relevant part,

If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion.

[6]     HRCP Rule 59 provides, in relevant part, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

4

Reconsideration.[7]  Because "[t]he notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order", HRAP Rule 4(a)(3), we have jurisdiction to review both the Order Denying the Motion for Reconsideration and the Order Denying the Motion for Relief.  Thus, we only address the issue on appeal relating to these two Orders.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issue raised and the arguments made by the parties, we resolve Kingston's appeal as follows:

On May 29, 2014, the Circuit Court issued a Minute Order, in which it ruled in Coulson's favor, awarding money damages.  On July 6, 2014, Julia passed away.  The Prices' attorney filed a Suggestion of Death on December 18, 2014.  Coulson filed a proposed order and judgment on August 20, 2015.  The Circuit Court entered the Final Judgment on November 20, 2015, and the Amended Final Judgment on January 4, 2016.[8]  On May 23, 2016, Kingston filed a motion for relief from judgment against Julia on the basis that no motion for substitution of a party had been filed within 120 days of the filing of the Suggestion of Death.  The Circuit Court denied the motion on

---

[7]    A post-judgment tolling motion is deemed denied when the court fails to issue an order on the motion within ninety days after the movant has filed the motion.  Cty. of Hawai'i v. C&J Coupe Family Ltd. P'ship, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008).  In the instant case, the ninetieth day after April 24, 2017, was Sunday, July 23, 2017, and, thus, HRAP Rule 26(a) automatically extended the ninety-day time period under HRAP Rule 4(a)(3) until Monday, July 24, 2017.  HRAP Rule 26(a) ("The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, a Sunday, or a legal holiday.").  Here, the Circuit Court did not enter its July 31, 2017 order, within ninety days, and, thus, the Motion for Reconsideration was automatically denied.  Nevertheless, "when a timely post-judgment tolling motion is deemed denied, it does not trigger the thirty-day deadline for filing a notice of appeal until entry of the judgment or appealable order pursuant to HRAP Rules 4(a)(1) and 4(a)(3)."  Ass'n of Condo. Homeowners of Tropics at Waikele ex rel. Bd. of Dirs. v. Sakuma, 131 Hawai'i 254, 256, 318 P.3d 94, 96 (2013).  Consequently, Kingston's August 16, 2017 notice of appeal was timely filed within thirty days after entry of the July 31, 2017 post-judgment order.

[8]    The only change in the Amended Final Judgment from the Final Judgment was instructing the Clerk of the Court to pay Coulson "any interest accrued up to the amount of the Judgment" from the funds previously deposited with the Clerk of the Court.

April 18, 2017, then denied Kingston's motion for reconsideration of the denial on July 31, 2017.  Both orders are reviewed for abuse of discretion.  <u>Kato v. Funari</u>, 118 Hawai'i 375, 381, 191 P.3d 1052, 1058 (2008); <u>Cho v. State</u>, 115 Hawai'i 373, 381, 168 P.3d 17, 25 (2007).

Kingston claims the Circuit Court abused its discretion because it failed to dismiss Julia as a party where no motion for substitution had been made within 120 days of the filing of a suggestion of death.

> (1) <u>If a party dies</u> and the claim is not thereby extinguished, <u>the court may order substitution of the proper parties.  The motion for substitution may be made by any party</u> or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district.  <u>Unless the motion for substitution is made not later than 120 days after the death is suggested upon the record</u> by service of a statement of the fact of the death as provided herein for the service of the motion, <u>the action shall be dismissed as to the deceased party</u>.

HRCP Rule 25(a)(1) (emphases added).

> Statutory interpretation is reviewed *de novo* by [the appellate] court.  When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  Moreover, it is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning.

<u>Bhakta v. Cty. of Maui</u>, 109 Hawai'i 198, 208, 124 P.3d 943, 953 (2005) (citations, internal quotation marks, and brackets in original omitted).  The meaning of HRCP Rule 25(a)(1) is plain and obvious:  after a suggestion of death is filed, the parties have 120 days in which to file a motion to substitute; if no such motion is filed at the expiration of the 120-day window, the Circuit Court dismisses the action as to the deceased party.[9]

---

[9]     Coulson's reliance on HRCP Rule 17(a) is without merit.  ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]") Not only is the mandate of HRCP Rule 25(a)(1) plain and unambiguous, this action was initially brought in Julia's name.  <u>See</u> HRS § 1-16 ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other.  What is clear in one
(continued...)

*Slingluff v. State*, 131 Hawai'i 239, 251, 317 P.3d 683, 695 (App. 2013) ("Slingluff did not file a motion for substitution within 120 days after the suggestion was entered (or at anytime thereafter). As a result, pursuant to HRCP Rule 25(a)(1), the present action must be dismissed as to [decedent]."); *Elsenbach v. Elsenbach*, 136 Hawai'i 26, 356 P.3d 1046, CAAP-14-0000877, 2015 WL 4878412, at *3 (App. Aug. 14, 2015) (SDO) ("Because Ramos failed to move for substitution of parties within 120-days after Elsenbach served the Suggestion of Death and failed to 'take the appropriate steps' to seek substitution by the circuit court's December 23, 2013 extended deadline, the circuit court did not err in dismissing Ramos' Complaint as to Elsenbach.").

Here, no party moved for substitution following the December 18, 2014 filing of the Suggestion of Death before the April 17, 2015 closing of the 120-day window. The Circuit Court did not "order the period enlarged" pursuant to HRCP Rule 6(b)(2)[10] because no "request therefor [was] made before the expiration" of the 120-day window or thereafter. Therefore, by the plain language of HRCP Rule 25(a)(1), the Circuit Court was required to dismiss the action as to Julia, and the failure to do so was an abuse of discretion.

For the foregoing reasons, we vacate the April 18, 2017 Order Denying Motion for Relief From Judgment Against Julia Price, Filed on May 23, 2016, and the July 31, 2017 Order Denying Carl Kingston Personal Representative Of the Estate of Julia

---

[9](...continued)
statute may be called in aid to <u>explain what is doubtful</u> in another." (Emphasis added)).

[10] HRCP Rule 6 provides,

> **(b) Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b) of these rules and Rule 4(a) of the Hawai'i Rules of Appellate Procedure, except to the extent and under the conditions stated in them.

Price's Motion to Alter or Amend and/or for Reconsideration of Order Denying Motion for Relief From Judgment Against Julia Price, Filed on May 23, 2016, Filed on April 18, 2017, *Filed Herein on April 24, 2017*, entered by the Circuit Court of the First Circuit.  We remand this case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, June 10, 2019.

On the briefs:

Roger C. Lerud
Rebecca A. Copeland,
for Defendants-Real Parties in
Interest/Appellants.

Presiding Judge

David B. Rosen,
for Defendant-Counterclaimant/
Appellee.

Associate Judge

Associate Judge

8